PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| NATHANIEL GRUNDY, ) | |
| ) | CASE NO. 5:20CV302 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| AKRON POLICE DEPARTMENT ) | |
| S.N.U.D. OFFICERS, ) | **MEMORANDUM OF OPINION AND** |
| ) | **ORDER** |
| Defendant. ) | |

*Pro se* Plaintiff Nathaniel Grundy, currently a federal prisoner incarcerated at FCI Beckley, has filed an *in forma pauperis* civil complaint in this matter against the "Akron Police Department S.N.U.D. Officers." ECF No. 1. For the reasons that follow, the Complaint is dismissed.

**I. Background**

Plaintiff's Complaint pertains to "funds & other valuables" he contends were illegally obtained from his residence by "local law enforcement" over ten years ago. *Id*. at PageID #: 3. He alleges local law enforcement came to his residence and the residence of his children's mother in 2007 and illegally removed $5,290 in currency and two digital cameras that held family photos without a search warrant. *Id.* at PageID #: 4. He alleges the same officers came to his residence three years later, acting on "a domestic violence call," and again illegally removed $6,700.00 in currency from the property. *Id.* at PageID #: 4- 5.

Although he does not allege a specific claim, he seeks to compel the "parties involved to return the illegally obtained funds" and damages for the loss of his family photos. *Id.* at PageID

(5:20CV302)

#: 5. Without explanation, he has attached to his Complaint child support enforcement orders issued in a case against him in the Summit Court of Common Pleas as well as child support payment statements. ECF Nos. 1-1, 1-2, 1-3, and 1-4.

## II. Standard of Review

*Pro se* complaints are construed liberally and held to less stringent standards than formal pleadings drafted by lawyers. *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). Nonetheless, *pro se* plaintiffs must still satisfy basic pleading requirements, and courts are not required to conjure up unpleaded facts to support conclusory allegations. *See Jinadu v. Fitzgerald*, 230 F.3d 1358 (6th Cir. 2000) (unpublished table decision); *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

Further, federal district courts are expressly required, under 28 U.S.C. § 1915(e)(2)(B), to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). In order to withstand dismissal for failure to state a claim, a *pro se* complaint must contain sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face. *Id.* at 470-71 (holding that the standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) for dismissals under Fed. R. Civ. 12(b)(6) also governs dismissals under 28 U.S.C. § 1915(e)(2)(B)).

## III. Discussion

(5:20CV302)

Upon review, the Court finds the Plaintiff's Complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Even construed liberally, it does contain factual allegations sufficient to suggest he has any plausible federal civil rights claim. The conclusory allegations set forth in his pleading are insufficient to raise a right to relief on any federal claim above the speculative level. See *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief).

Additionally, the public docket of the Summit County Court of Common Pleas, of which the Court may take judicial notice, shows that the funds Plaintiff seeks were expressly forfeited in connection with his sentencing in two criminal cases in the Summit County Court of Common Pleas, and that the Summit County Court of Common Pleas denied motions he made for return of the funds. See *State of Ohio v. Grundy*, Case No. CR 2010 10 2898 (August 26, 2014 journal entry, filed on September 2, 2014); *State of Ohio v. Grundy*, Case No. CR 2007 10 3497 (September 15, 2009 journal entry, filed on September 18, 2009).

Accordingly, to the extent he purports to allege a federal civil rights claim under 42 U.S.C. § 1983, his action is barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

(5:20CV302)

*Heck*, 512 U.S. at 486-87.  Plaintiff's Complaint appears to call into question the validity of state criminal sentences, but he has not set forth allegations suggesting that such sentences have been invalidated or called into question in any of the ways articulated in *Heck*.  Accordingly, his complaint does not allege a cognizable federal civil rights claim.

## Conclusion

For the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

| | |
|---|---|
| July 31, 2020 | /s/ *Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |